### In re AMERECO ENVIRONMENTAL SERVICES, INC., Debtor.

**Bankruptcy No. 90–40502–2–11.**

United States Bankruptcy Court, W.D. Missouri.

July 22, 1991.

See also 125 B.R. 566.

Charles L. House, Kansas City, Mo., for debtor.

Jerald S. Meyer, J. Stephen McCarter, Kansas City, Mo., for Unsecured Creditors Comm.

Charles Fowler, McDowell, Rice & Smith, Kansas City, Mo., for Merchants Bank.

### MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Debtor was engaged in the handling, processing and disposal of hazardous wastes. Merchants Bank (hereinafter Bank) was the principal financial institution lending funds to debtor. The Bank attempted to secure its loans by taking a security interest from debtor and duly perfecting same. The wording in the Bank's security agreement was as broad as possible and included general intangibles. The debtor and the Bank now disagree as to whether said blanket security interest extends to the hazardous waste operating permits which did allow the operation of the plants and which the state has reissued in the names of the buyers in conjunction with the sale of the real estate and fixtures at the site of debtor's former operations. The Creditors' Committee also opines that the permits are not subject to the security interest and that the Bank has no secured interest in the proceeds of the sale of debtor's property, since it did not have liens on the land or fixtures.

All three of the above named parties have briefed this issue very thoroughly and the Court is appreciative of their efforts. The Court believes that several reasons dictate that the said hazardous waste permits are not included in the Bank's security interest. However, the Court will rely on

the statutory basis without exploring the other avenues leading to the same result.

In the 1990 version of Missouri's legislation governing Environmental Control, Section 260.205(13) provides that each permit for operation of a facility or area shall be issued only to the person applying and shall not be transferable. The regulations implementing said statute go even further. Mo.Code Reg.Tit. 10, Section 25–7.270(2) states that no rights under any permit may be transferred without a new permit being issued. Finally, by regulation the issuance of a permit "does not convey any property rights of any sort, or any exclusive privilege". 10 C.F.R. Section 270.4(b) 1989. It would seem that a security interest can attach only to the rights in personal property which the possessor has and that he can grant no more than he possesses. If a debtor cannot transfer an item and if possession does not create "any property rights of any sort" in the possessor, this Court believes the debtor cannot grant a security interest under a blanket designation of "general intangibles". Other courts have adopted this view. In *In re Midland Services, Inc.*, 10 U.C.C. Rep.Serv. 499 (Bankr.D.Neb.1971) the bankruptcy court held that the S.B.A. (as a lender) did not have a security interest in a Nebraska liquor license because such license was statutorily defined as a personal privilege, not subject to attachment, garnishment, execution or transferrable without consent of the issuing authority. Likewise a perfected security interest in general intangibles did not transfer any interest in the breeding rights of an American Quarterhorse stallion. See *In re Blankenship–Cooper, Inc.*, 43 B.R. 231 (Bankr.N.D.Texas 1984). Under Missouri law, even after a purchaser has acquired a hazardous waste site, that acquirer cannot operate under the old permit, but must acquire a new permit before it may use the site. Mo.Code Reg.Tit. 10 Section 25–7.270(2)(D)(1)(A).

If the debtor cannot transfer the permit and if the buyer of the site cannot use the permit to operate the site, then it appears to the Court that the permit is not a general intangible that is subject to any general security interest. Perhaps it is like a shifting use running with the land, a concept that has little current usage, but dimly jogs the author's consciousness from the days of yore.

Be the permit whatever it be, the Court concludes that it is not subject to the lien of Merchants Bank's perfected security interest as a general intangible. The debtor's objection (concurred in by the creditor's committee) to the secured status of Merchants Bank's claim is sustained insofar as it pertains to the hazardous waste permits issued to debtor.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.